OPINION
{¶ 1} Defendant-appellants Eugene and Margaret Ann Ross [hereinafter appellants] appeal the December 12, 2001, Judgment Entry of the Muskingum County Court of Common Pleas which ordered appellants to transfer real estate to plaintiffs-appellees Robert C. and Wauneta L. Greathouse [hereinafter appellees].
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 31, 2000, appellees filed a complaint against appellants in the Common Pleas Court of Muskingum County, Ohio. In the complaint, appellees claimed that appellants had sold real estate to appellees previously. Appellees alleged that appellants had failed to convey all of the real estate purchased to appellants. Appellees demanded judgment against appellants for monetary damages and specific performance for the conveyance of real estate.
 {¶ 3} A bench trial was held on September 20, 2001. On December 12, 2001, the trial court issued a decision in which it ordered that the entire portion of land sought by appellees be transferred to appellees. A judgment entry incorporating the decision of the trial court was filed January 28, 2002.
 {¶ 4} It is from the January 28, 2002, Judgment Entry that appellants appeal, raising the following assignments of error:
 {¶ 5} "I. Under the doctrine of merger by deed the trial court erred in ordering the transfer of real estate to the appellees where the real estate was specifically excluded in the deed executed by appellants and accepted without qualification by appellees.
 {¶ 6} "II. The trial court erred in ordering that the entire portion of land between the lots of the appellants and the property of the appellees shall be transferred to the appellees where the appellees offered no evidence of the legal description of the property to be transferred and where the appellees had no idea as to the location of their property line.
 {¶ 7} "III. The trial court erred in ordering the transfer of the fee interest in the property upon which a water well was located where the court under the equitable remedy of specific performance could have ordered the transfer of an easement or a license for the use of the well."
 {¶ 8} The Judgment Entry at issue made the following order: "It is ORDERED that the well and that the entire portion of land between the lots of the defendant and the property of the plaintiffs shall be transferred to the plaintiffs." The Judgment Entry does not include a metes and bounds description of the land ordered to be transferred.[1]
Without a metes and bounds description, this court finds that the trial court did not sufficiently define the location of the land to be transferred. See Foster v. England (April 26, 1999), Fairfield App. No. 98CA57, 1999 WL 253492; Barker v. Contini (March 8 1994), Tuscarawas App. No. 93-AP-070050, 1994 WL 75676. A final judgment entry ordering the transfer of real property must include a metes and bounds description of the real estate to be transferred.
 {¶ 9} For these reasons, the assigned errors are moot and we reverse the judgment of the Muskingum County Court of Common Pleas. This matter is remanded in order that the trial court may enter a judgment that sufficiently identifies the property through a metes and bounds description.
By Edwards, J., Gwin, P.J. and Wise, J. concurs.
In Re: Metes Bound Description — R.E. Transfer.
[1] We further note that the trial court's judgment entry did not include an order that one of the parties obtain such a description.